CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

David Burton

*Plaintiff*

VS.

Boston Retail Partners, LLC

*Defendant*

14 - 0005770

Civil Action No. ☐

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Denise M. Clark, Esquire
Name of Plaintiff's Attorney

1250 Connecticut Ave., N.W., Suite 200
Address
Washington, D.C. 20036

(202) 293-0015
Telephone

By _____
Deputy Clerk

Date September 18, 2014

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-454/Mar. 93          NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| DAVID BURTON<br>210 S Street, NW<br>Washington, DC 20001<br><br>           Plaintiff,<br><br>v.<br><br>BOSTON RETAIL PARTNERS, LLC<br>470 Atlantic Ave., 4th Floor<br>Boston, MA 02210<br><br>           Defendant. | COMPLAINT    **14-0005770**<br><br>**Demand for Jury Trial**<br><br>RECEIVED<br>Civil Clerk's Office<br>SEP 1 3 2014<br>Superior Court<br>of the District of Columbia<br>Washington, D.C. |

## COMPLAINT

Plaintiff David Burton ("Plaintiff" or "Mr. Burton") through his attorney, Denise M. Clark, hereby alleges as follows:

### NATURE OF ACTION

1. This is a challenge to Defendant Boston Retail Partners' ("Defendant") unlawful denial of compensation owed to Plaintiff in violation of the D.C. Wage Payment and Collection Law, D.C. CODE § 32-1301 *et seq.*

2. This is also a challenge to Defendant's unlawful breach of contract by denying Plaintiff owed compensation pursuant to Defendant's employment contract with Plaintiff.

### JURISDICTION AND VENUE

3. Pursuant to D.C. CODE § 32-1308, this Court has subject matter jurisdiction over this action by an employee to recover unpaid wages and liquidated damages.

4. Pursuant to D.C. CODE § 11-921, this Court also has subject matter jurisdiction over this civil action because all claims are based on violations of the laws of the District of Columbia.

5. Pursuant to D.C. CODE § 13-423, this Court has personal jurisdiction over Defendant because the District of Columbia is where Defendant conducts business and Defendant's unlawful conduct occurred.

6. Venue is appropriate because the District of Columbia is where Plaintiff's cause of action occurred and where Plaintiff resides.

## PARTIES

7. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

8. Mr. Burton is a resident of Washington, D.C.

9. Defendant is a retail management consulting firm that is located in Boston, Massachusetts, and conducts business in the District of Columbia.

## FACTUAL ALLEGATIONS

10. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

11. On March 7, 2013, Defendant entered into an employment contract ("Contract") with Mr. Burton, offering Mr. Burton a position with Defendant to conduct its Customer Relationship Management projects for Brooks Brothers from his home in the District of Columbia.

12. Mr. Burton was provided the title of Vice-President, but was not an officer of the corporation.

2

13. Mr. Burton was not an independent contractor, he was an employee who received his assignments and was controlled by Defendant.

14. Defendant employed Mr. Burton from approximately March/April, 2013 to January 3, 2014; and during that time period he worked on projects for Vitamin Shoppe, PacSun and VF Corporation, in addition to the Brooks Brothers project.

15. Mr. Burton worked for Defendant primarily out of his home in the District of Columbia.

16. Mr. Burton sometimes worked at the offices of Defendant's clients. Mr. Burton worked at the sites of Defendant's clients in California, New York, New Jersey, and the District of Columbia.

17. Mr. Burton worked at least 51% of the time in the District of Columbia.

18. Mr. Burton never worked in Boston.

19. The Contract stipulated that Mr. Burton's salary would be $165,000 (one hundred sixty five thousand) per year, payable in monthly installments.

20. In addition to an annual salary, the Contract stated that Mr. Burton would have a bonus of potentially 50% of his salary, or $82,500 (eighty two thousand, five hundred). The bonus would be calculated on a pro-rated basis for periods of employment that were less than a full year.

21. The bonus would be calculated as follows: 30% performance of CRM practice area (100% achievement of this bonus based on 80% overall team utilization. Bonus cuts in at 60% overall team utilization and will escalate from there) / 70% achievement of revenue targets for CRM practice area (first year targets to be set and agreed to within first 30 days after start date. Subsequent year targets will be set and agreed to prior to the

beginning of each fiscal year or the previous year's target will remain in effect. Bonus cuts in at 60% achievement of revenue targets and will escalate from there.)"

22. Accordingly, the Contract's bonus formula would be executed as follows:

   a. Step 1: Calculate the Percent of Revenue Goals Achieved for the whole practice group. The Percent of Revenue Goals Achieved equals the 2013 Actual Revenue divided by the 2013 Target Revenue.

   b. Step 2: Calculate Mr. Burton's Utilization Percentage. The Utilization Percentage equals billable hours divided by time worked. Time worked equals vacation days, holidays, and firm meetings subtracted from the total hours worked.

   c. Step 3: Calculate the 30% of the actual Utilization percentage, or the amount of bonus due to Mr. Burton from the performance of CRM practice area. Because 100% bonus is achieved at 80% utilization, the utilization percentage is divided by 80% then multiplied by the eligible amount to determine the utilization bonus. The 30% of the actual Utilization percentage equals 30% multiplied by (Utilization Percentage divided by 80%) multiplied by the Maximum Bonus Potential.

   d. Step 4: Calculate the 70% of the actual Revenue percentage, or the amount of the bonus due to Mr. Burton from the achievement of targets for CRM practice area. The 70% of the actual Revenue percentage equals 70% multiplied by Percent of Revenue Goals Achieved multiplied by Maximum Bonus Potential.

   e. Step 5: Calculate total bonus earned, equaling the bonus due from performance plus the bonus due from achievement of targets, or Step 3 plus Step 4.

4

23. On or about May 2013, Defendant and Mr. Burton agreed that the CRM practice group's 2013 Target Revenue was to be $584,100 (five hundred eighty four thousand, one hundred).

24. In 2013, the CRM practice group's 2013 Actual Revenue was approximately $512,653 (five hundred twelve thousand, six hundred fifty three).

25. In 2013, Mr. Burton worked approximately 3,189 (three thousand, one hundred eighty nine) total hours for Defendant. Subtracting vacation, holidays and firm meetings, Mr. Burton worked approximately 3,013 (three thousand and thirteen) hours for Defendant.

26. In 2013, Mr. Burton worked approximately 2118 (two thousand, one hundred eighteen) billable hours for Defendant.

27. In 2013, Mr. Burton worked for Defendant for approximately 9 (nine) months.

28. Prorated for Mr. Burton's 9 months working for Defendant, Mr. Burton's Maximum Bonus Potential was $61,875 (sixty one thousand, eight hundred seventy five).

29. Applying the facts in Paragraphs 20-25, Plaintiff's bonus should have been calculated as follows:
    a. Step 1: Percent of Revenue Goals Achieved equals $512,653 divided by $584,100 or approximately 88 (eighty eight) %.
    b. Step 2: Mr. Burton's Utilization Percentage equals 2118 divided by 3013 or approximately 70 (seventy) %.
    c. Step 3: The 30% of the actual Utilization percentage equals 30% multiplied by (approximately 70% divided 80%) multiplied by $61,875, or approximately $16,309 (sixteen thousand, three hundred and nine).

    d. Step 4: The 70% of the actual Revenue percentage equals 70% multiplied by approximately 88% multiplied by $61,875, or $38,015 (thirty eight thousand, and fifteen).

    e. Step 5: Total bonus earned equals approximately $54,323 (fifty four thousand, three hundred twenty three).

30. Accordingly, Defendant owed Mr. Burton approximately $54,323 in total compensation for his bonus earned in 2013.

31. Nevertheless, on or about December 2013, Defendant paid Mr. Burton only $15,000 (fifteen thousand) for his bonus payment.

32. On January 2, 2014, Mr. Burton emailed members of Defendant's management raising concerns about his owed compensation.

33. Later that day, Ken Morris ("Mr. Morris"), Principal for Defendant, scheduled a conference call between himself, Mr. Burton, and other members of Defendant's management team, Walter Deacon, Brian Bunk, and Ken Claflin, to discuss Mr. Burton's concerns.

34. On January 3, 2014, Mr. Burton participated in the conference call, however, only Mr. Morris was in attendance.

35. Mr. Morris immediately terminated Mr. Burton at the beginning of the telephone call. When Mr. Burton inquired about his bonus, Mr. Morris became nasty, calling Mr. Burton a liar.

36. Defendant continues to owe Mr. Burton $39,323 (thirty nine thousand, three hundred twenty three) for his earned bonus according to the Contract.

## COUNT I: BREACH OF CONTRACT

37. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

38. On March 7, 2013, Mr. Burton and Defendant entered into an agreement that included a calculation by which Defendant would pay Mr. Burton a bonus for his work performed.

39. According to that Contract, Defendant owed Mr. Burton approximately $54,323 in compensation for his 2013 bonus.

40. On or about December 2013, Defendant paid Mr. Burton only $15,000 (fifteen thousand) for his bonus.

41. Defendant continues to owe Mr. Burton $39,323 (thirty nine thousand, three hundred twenty three) for his earned bonus according to the Contract.

42. Defendant has willfully failed to pay Mr. Burton the remaining about of bonus compensation owed to him pursuant to the Contract.


## COUNT II: VIOLATION OF D.C. WAGE PAYMENT AND COLLECTION LAW

43. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

44. Defendant employed at least one person in the District of Columbia.

45. Defendant is an employer as defined by D.C. CODE § 32-1301.

46. Mr. Burton's position with Defendant did not have any executive duties or supervisory authority to hire, fire or discipline employees. Mr. Burton was not entrusted with any of Defendant's corporate functions.

47. Mr. Burton is an employee as defined by D.C. CODE § 32-1301 and D.C. MUN. REGS. tit. 7, §999-1.

48. Mr. Burton's bonus compensation for working for Defendant are wages as defined by D.C. CODE § 32-1301.

49. Defendant has not paid Mr. Burton the wages owed to him in violation of the D.C. Wage Payment and Collection Law.

50. Defendant has willfully not paid Mr. Burton's wages in violation of the D.C. Wage Payment and Collection Law.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that the Court award Plaintiff the following:

A. Declare that Defendant's actions violated Plaintiff's rights under the District of Columbia Wage Payment and Collection Law;

B. Award a recovery of unpaid wages and liquidated damages pursuant to the DC Wage Payment and Collection Law;

C. Award compensatory damages for Defendant's breach of contract, including consequential damages;

D. Award punitive damages for Defendant's willful and deliberate breach of contract;

E. Award Plaintiff reasonable attorney's fees and costs for this action;

F. Award any other relief that this Court deems appropriate.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all questions of facts raised by the Complaint.

Dated: September 13, 2014

                                                               Respectfully submitted,

                                                               */s/ Denise M. Clark*

                                                               Denise M. Clark, Esq. (420480)
                                                               Clark Law Group, PLLC
                                                               1250 Connecticut Ave, N.W.
                                                               Suite 200
                                                               Washington, D.C. 20036
                                                               (202) 293-0015
                                                               dmclark@benefitcounsel.com

9

## VERIFICATION

Pursuant to D.C. Super. Ct. R. Civ. P. 9-I(e), I certify under penalty of perjury that the following is true and correct:

1. I have reviewed this Complaint.

2. Regarding the allegations of which I have personal knowledge, I believe them to be true.

3. Regarding the allegations of which I do not have personal knowledge, I believe them to be true based on specified information, documents, or both.


Executed on September ___13___, 2014.        _David Burton_
                                             David Burton